**CHIAYU CHANG, et al., Plaintiffs,**

**v.**

**UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, et al., Defendants.**

**Civil Action No. 16–1740 (JDB)**

United States District Court, District of Columbia.

Signed 05/31/2017

---

Ira Jay Kurzban, Kurzban, Kurzban, Weinger, Tetzeli, & Pratt, P.A., Miami, FL, for Plaintiffs.

Glenn M. Girdharry, Heather G. Sokolower, Joshua Samuel Press, U.S. Department of Justice, Washington, DC, for Defendants.

### ORDER

JOHN D. BATES, United States District Judge

Before the Court is [11] plaintiffs'· motion for discovery in this Administrative Procedure Act (APA) case challenging the government's denial of plaintiffs' EB–5 visa petitions. Plaintiffs argue that they are entitled to discovery into the agency's past adjudicatory policies and practices in support of their retroactivity, due process, and equal protection claims. For the reasons that follow, the motion will be denied.

■■■ Judicial review of agency action is generally limited to the administrative record. See 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party."); Hill Dermaceuticals, Inc. v. FDA, 709 F.3d 44, 47 (D.C. Cir. 2013) ("[I]t is black-letter administrative law that in an APA case, a reviewing court should have before it neither more nor less information than did the agency when it made its decision." (internal quotation marks omitted)); Texas Rural Legal Aid, Inc. v. Legal Servs. Corp., 940 F.2d 685, 698 (D.C. Cir. 1991) ("Ordinarily judicial review of informal agency rule-making is confined to the administrative record; neither party is entitled to supplement that record with litigation affidavits or other evidentiary material that was not before the agency."). Discovery or supplementation of the administrative record is therefore not permitted "unless [a party] can demonstrate unusual circumstances justifying a departure from this general rule." City of Dania Beach v. FAA, 628 F.3d 581,

590 (D.C. Cir. 2010) (internal quotation marks omitted). In order to obtain even "limited discovery," a party must make "a significant showing—variously described as a strong, substantial, or prima facie showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record." Air Transp. Ass'n of Am. v. Nat'l Mediation Bd., 663 F.3d 476, 487–88 (D.C. Cir. 2011).

Plaintiffs do not attempt to argue that they have satisfied the high standard required to supplement the administrative record, and they concede that they are not entitled to discovery on several of their other claims, including claims that CIS's decision was arbitrary and capricious. However, they argue that the constitutional or "non-APA" nature of their retroactivity, equal protection, and due process claims exempts them from the record review rule because those claims are brought under the court's "equitable power" and the Constitution rather than under the APA. Mot. for Disc. at 6.

As to plaintiffs' constitutional claims, there appears to be some disagreement among district courts whether the assertion of constitutional claims takes a case outside the procedural strictures of the APA, including the record review rule. Some courts have held that such claims are still subject to the rule, since § 706 of the APA provides for judicial review of final agency action that is "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B). See, e.g., Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv., 58 F.Supp.3d 1191, 1237–38 (D.N.M. 2014) (granting motion to reconsider and denying discovery on First Amendment claim); see also Harvard Pilgrim Health Care v. Thompson, 318 F.Supp.2d 1, 7–11 (D.R.I. 2004) (denying discovery on constitutional claims). To hold

otherwise, "and allow fresh discovery, submission of new evidence and legal arguments" would "incentivize every unsuccessful party to agency action to allege . . . constitutional violations" in order to "trade in the APA's restrictive procedures for the more evenhanded ones of the Federal Rules of Civil Procedure." Jarita Mesa Livestock Grazing Ass'n, 58 F.Supp.3d at 1238; see also Harvard Pilgrim Health Care, 318 F.Supp.2d at 10 ("The APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on . . . constitutional deficiencies was entitled to broad-ranging discovery."); Charlton Mem'l Hosp. v. Sullivan, 816 F.Supp. 50, 51 (D. Mass. 1993) (adding constitutional claims in an APA case "cannot so transform the case that it ceases to be primarily a case involving judicial review of agency action").

Other courts have merely found that, where a plaintiff's constitutional claims fundamentally overlap with their other APA claims, discovery is neither needed nor appropriate. See, e.g., Alabama–Tombigbee Rivers Coal. v. Norton, No. CV–01–S–0194–S., 2002 WL 227032, at *3–6 (N.D. Ala. Jan. 29, 2002). Indeed, plaintiffs' constitutional claims here are fundamentally similar to their APA claims—plaintiffs argue that the agency's decision to deny their visas violated their due process and equal protection rights because the agency's decision was "irrational and arbitrary" and failed to consider evidence submitted by plaintiffs. Mot. for Disc. at 18; Compl. [ECF No. 1] ¶¶ 98–102. No suspect class is alleged regarding the equal protection claim, meaning that the government need only present a rational basis for its actions. See, e.g., Mass. Bd. of Retirement v. Murgia, 427 U.S. 307, 314–17, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). The information necessary for the Court to determine whether the agency's denial of plaintiffs' visas was rational—or with respect to their APA claims, arbitrary and capricious—will, presumably, be found in the administrative record. Plaintiffs have presented no argument convincing the Court otherwise.

■ Under either rationale, discovery on plaintiffs' equal protection and due process claims is not appropriate here. While there are a handful of cases in which courts have allowed discovery on constitutional claims, the Court finds these cases either unpersuasive or factually distinct from the present case. In Puerto Rico Pub. Housing Admin. v. U.S. Dep't of Housing & Urban Dev., 59 F.Supp.2d 310, 327–28 (D.P.R. 1999), for example, it was the complete absence of an administrative record with respect to several claims that necessitated discovery. And in Rydeen v. Quigg, 748 F.Supp. 900, 906 (D.D.C. 1990), the court allowed plaintiffs to submit two additional affidavits not included in the administrative record, but that is a far cry from what plaintiffs seek here—fairly broad discovery, as a matter of course, into the government's past visa petition adjudication practices. Mot. for Disc. at 15–16 (plaintiffs seek written discovery including training materials, instructions, orders, e-mails, policy directives, as well as deposition testimony of agency adjudicators and policy makers). These cases are, then, distinguishable and do not assist plaintiffs.

As to the retroactivity claim, plaintiffs rely most heavily on Carlsson v. U.S. Citizenship & Immigration Servs., a similar case about the denial of EB–5 visas in which the plaintiffs alleged retroactivity and constitutional claims. See No. 2:12-cv-07893-CAS, 2015 WL 1467174 C.D. Cal. Mar. 23, 2015. There, the court allowed limited discovery on the retroactivity claim (but not the constitutional claims), based on dictum in a Ninth Circuit case, Chang v. United States, 327 F.3d 911, 926–28 (9th Cir. 2003), in which the Ninth Circuit noted that there had been discovery on the

retroactivity issue at the district court level. Based on this, the Carlsson court concluded that discovery on retroactivity claims was permissible. Carlsson, 2015 WL 1467174 at *12.

This Court, however, is reluctant to reach that conclusion when the Chang court never actually ruled on whether the discovery that had taken place was appropriate. Moreover, in Chang actual amendments had been made to the rules governing EB–5 visas, whereas here, there has been no official rule change, and plaintiffs appear to be seeking discovery in the hopes that they will come across some internal document or memorandum upon which they can base an argument that the government has adopted a new policy. The Carlsson court did not discuss these features of the Chang decision, nor did it discuss what bearing, if any, the record review rule has on the retroactivity claim. Plaintiffs cite no other authority for the proposition that discovery is automatically available on a retroactivity claim in an APA case.

Instead, plaintiffs insist that the retroactivity claim is a non-APA cause of action because it does not involve the same level of deference that applies to the review of the substantive reasonableness of an agency rulemaking, but is governed instead by the factor-balancing test laid out in Retail, Wholesale & Dep't Store Union v. NLRB, 466 F.2d 380, 390 (D.C. Cir. 1972). See Mot. for Disc. at 9, 11. But not every APA claim involves the same level of deference to the agency—as evidenced by the voluminous written material that has been promulgated about the different levels of deference that exist in administrative law. See, e.g., Jarita Mesa Livestock Grazing Ass'n, 58 F.Supp.3d at 1227–33. Constitutional claims, for example, are reviewed with no deference to the agency. See, e.g., U.S. Chamber of Commerce v. FEC, 69 F.3d 600, 605 (D.C. Cir. 1995). Plaintiffs cite no authority for the proposition that the retroactivity claim is a separate cause of action that exists outside the APA and is therefore exempt from the record review rule. And resting their discovery request on the level of deference appropriate for the retroactivity claim would undermine the general limitations on discovery in APA cases.

At this point in the litigation, the Court is unwilling to allow plaintiffs discovery on such slim authority, particularly when the Court has not yet seen the administrative record to judge whether the information plaintiffs seek is in fact absent—plaintiffs appear to be merely speculating that it will be. Mot. for Disc. at 2, 7. Accordingly, the motion for discovery is **DENIED**.

The parties shall confer and submit a proposed revised briefing schedule for dispositive motions by not later than June 7, 2017.

**SO ORDERED.**